### David Douthet et al. v. T. J. Word.

1. Practice in Supreme Court—Jurisdiction—Affirmance on Certificate.—The right of an appellee to an affirmance without reference to merits, when the appellant fails to bring up and file a transcript of the record in time, is not affected by the filing in the court below, by appellant, of a written abandonment and waiver of his right to appeal; such waiver, being a fact occurring after judgment, forms no part of the transcript, and could not be therefore inquired into by the Supreme Court.

Appeal from Anderson. Tried below before the Hon. R. S. Walker.

*Greenwood & Gooch,* for appellants.

*T. J. Williams,* for appellee.

Roberts, Chief Justice.—Appellants were defendants in the District Court in a suit for land, in which appellee, plaintiff in the District Court, recovered a judgment against them for the land and for costs, with an order for a writ of possession, from which judgment said defendants took and perfected an appeal, returnable to this term of the Supreme Court.

They have failed to bring up and file a transcript of the record in said appeal in this court.

The appellee has filed a certificate in due form, and moves for an affirmance of the judgment in said cause in this court, without reference to the merits.

The appellants filed a motion to dismiss the certificate filed by the appellee, on the ground that the defendants had waived and abandoned their appeal, and had given appellee notice thereof before the return-day of said appeal, by filing in the District Court of Anderson county, from which said appeal was taken, their waiver and abandonment in writing, a certified copy of which is attached to their motion, in terms as follows, to wit:

"THE STATE OF TEXAS, *County of Anderson:*

"Suit in the District Court of Anderson county, Texas." Trespass to try title and for damages.

"No. 2572. Thomas J. Word *v.* David Douthet *et al.*

"The said defendants and each of them do hereby say and declare, that they, and each of them, do hereby waive their appeal to the Supreme Court in said cause, and do by this act and instrument abandon said appeal. Signed and filed this 30th day of September, A. D. 1876.

"DAVID DOUTHET, SR.,

"DAVID DOUTHET,

" *Guardian, &c., of David Douthet, Jr.,*

"EVAN V. DOUTHET,

" By their att'ys, GREENWOOD & GOOCH."

[Indorsed:]  "Filed in my office September 30, 1876.

"JOHN N. LINK, *Dist. Clk, A. Co.*"

The 2d of October, 1876, was the return-day for said appeal in the Supreme Court.

Both of the motions were submitted together at the same time.

The first question is, can the defendants, by filing such an instrument in the District Court before return-day, abandon their appeal so as to prevent the plaintiff from filing the cer-

tificate in this court and obtaining an affirmance of the judgment in said appeal.   We are of opinion that they cannot.

There is no such proceeding prescribed by the statutes of the State, as a means of terminating the suit, nor has there been any such practice allowed by this court.   If allowed, it would deprive the appellees of the benefit of the security for costs given in this case.   It might subject the appellee to the further delay of a proceeding by writ of error, whether such proceeding could be sustained or not, if attempted, after such an abandonment of the appeal.

This attempted waiver and abandonment is not a fact judicially ascertained, and embraced as such in the record to be examined on appeal by this court.   Being extra judicial, if acted on by this court as definitely and permanently terminating the suit, the genuineness and validity of the instrument as binding on the defendants might be called in question in some other proceeding as a fact not adjudicated, and therefore not conclusively binding on them.

The motion to dismiss the certificate is therefore overruled. The certificate being sufficient in form and substance, the judgment is affirmed.

AFFIRMED.